HENRY HARMS

v.

DANIEL SULLIVAN.

</div>

1. INJURY TO WORKMAN BY NEGLIGENCE OF FELLOW WORKMEN—ORDERS BY SUPERINTENDENT—INSTRUCTION TO JURY.—An instruction that the orders of a superintendent, when given in the presence and hearing of his principal or employer, are to be considered by the other employees as the orders of his principal, if no objection or dissent is made at the time the orders are given, is erroneous, its effect being to relieve the foreman of all responsibility, and make the contractor responsible for orders he never gave, and had not the necessary knowledge about the peculiar kind of work, or the condition of its progress, to judge of their correctness.

2. INSTRUCTION AS TO NEGLIGENCE.—A further instruction, "that if the jury find, from the evidence, that the defendant was guilty of gross negligence, the plaintiff will be entitled to recover, even though he may have been guilty of a comparatively slight degree of negligence," is erroneous. It tells the jury that if they find the defendant was guilty of gross negligence, the plaintiff would be entitled to recover, whether such negligence contributed to the injury complained of or not.

3. PROVIDING SUITABLE MACHINERY—LIABILITY OF CONTRACTOR.—Where a contractor engaged in the erection of a building has provided suitable and safe machinery for the use of his employees, and such machinery is on hand and can be used, and any of the employees, through negligence or error in judgment, select and use machinery of insufficient size and strength, whereby an injury results to a co-employee, the contractor is not liable for such negligence or error in judgment, provided the employees were persons of adequate skill, and careful, prudent persons.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. FORRESTER & BEEM, for appellant; insisted that an employer is not liable for injuries to an employee resulting from the negligence of his co-employees in the same line of duty, and cited Gartland v. Toledo, W. & W. R. R. Co. 67 Ill. 498; Connor v. Ill. Cent. R. R. Co. 15 Ill. 550; Ill. Cent. R. R. Co. v. Cox, 21 Ill. 20; C. & A. R. R. Co. v. Murphy, 53 Ill. 339; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 226; C. C. & I. C. R'y Co. v. Troesch, 68 Ill. 548.

Mr. ALBERT W. BRICKWOOD, for appellee; that a master must provide proper and sufficient machinery, and use all reasonable precaution for the safety of his servants, cited Gibson v. P. P. R. R. Co. 46 Mo. 163; Fairbank v. Haentzche, 73 Ill. 236; Perry v. Ricketts, 55 Ill. 234; C. & N. W. R. R. Co. v. Sweet, 45 Ill. 197; Wright v. N. Y. Cent. R. R. Co. 25 N. Y. 565.

That where a master commands a thing to be done, and an injury results from the want of care in the servant while performing the order, the master is liable in trespass: Douglass v. Stevens, 18 Mo. 362.

That the act of an agent, done without authority, may be considered as ratified if the principal, having full knowledge of the facts, fails to dissent: Ward v. Williams, 26 Ill. 447.

MURPHY, P. J. This was an action of trespass on the case, commenced in the Circuit Court of Cook county by the appellee against the appellant, to recover damages as alleged, resulting from an injury received by the appellee on the 9th day of June, 1877, whilst in the employ of the appellant in the capacity of a stone-setter. In the declaration it is alleged that the appellant was guilty of negligence in providing defective and insufficient tools and implements for the proper carrying on of the work, which appellee was employed to do, and permitting his other employees to be guilty of a lack of due care and regard for the safety of the appellee, by means of which he was injured.

Harms v. Sullivan.

The defendant pleaded not guilty, and upon a trial in the court below it resulted in a verdict and judgment against appellant for $500.00, from which judgment he prayed an appeal to this court, and assigns for error the giving by the court of the appellee's instructions; and secondly, that the court erred in refusing to give appellant's fourth instruction asked by him to be given. The 3d, 4th, 5th and 6th assignment of errors involve a discussion of the facts of the case, and the weight or preponderance of the testimony. From the view taken by the court of the case it will be necessary to submit it to another jury, and for that reason we forbear the expression of any opinion upon the facts which would be calculated to influence the deliberations of a jury on that trial. It is our purpose therefore, to consider the facts only so far as they may be necessary to a consideration of the 4th and 6th instruction, in the series of instructions given by the Court to the jury at the instance of the appellee, and the 4th instruction in the series asked for by the appellant, which was refused by the Court. It appears that the appellant was the contractor to build the foundation of the Cook county court house; that he is not himself a stone mason, and for the purpose of constructing said foundation walls in a workmanlike manner, employed Charles Walker and one Phenix, careful and competent men, skilled in the business, to superintend the setting of the stone of which said foundation is constructed; that they had charge of and were personally superintending the placing in said work a stone by the use of a derrick and other proper implements thereto attached, at the time the injury complained of took place. It appears that appellant was on the ground at the time, and in the vicinity of the men thus employed, but just where on the grounds he was, or what he was doing at the moment, and whether he had given any directions in respect to the placing of said stone, is a question in respect to which there is a conflict in the testimony, but it will not be necessary for us to discuss that question. The work of setting the stone in the foundation walls was of such a character as to require experienced and skilled laborers to perform ; common laborers and men not trained to it could no more perform such work in

a proper manner than they could lay brick in an outside wall, or do a good job of plastering. This being the case, and it not being pretended that the appellant himself understood how these stone should be set in the walls, he employed for that purpose, Walker and Phenix, who are shown to be experienced and competent men to superintend this work, who, at the time the injury occurred, were actually engaged in the performance of their duty in that respect.

Putting out of sight for the time being the question of the appellant's liability for injuries to the appellee, resulting from the negligence of his co-employees in the same line of duty, the more pertinent question for us to consider is, can he be made liable in the way contemplated by the 4th instruction given to the jury at the instance of the appellee, which is as follows:

"4th. The jury are instructed that the orders of a foreman or superintendent when given in the presence and hearing of his principal or employer, are to be considered by the other employees as the orders of his principal or employer, if no objection or dissent is made at the time the orders are given."

This instruction is unsupported by any authorities to which we have been referred, or which we have been able to find. It tells the jury that if the appellant was present and in hearing of any orders or direction given by Walker or Phenix about the work of placing said stone, that at once it became the order of the appellant, and that all the other employees must understand such orders as emanating from him, and as a consequence his foreman is relieved of all responsibility, and he is made responsible for orders he never gave, and has not the necessary knowledge about the peculiar kind of work, or the status of its progress at the time, to judge of their propriety or correctness.

This seems to us indefensible as a proposition of law.

Suppose a man wants a piece of work done which (as in this case) he does not pretend to understand how to do, and employs men skilled in the business of doing such work, who embark in the undertaking. The proprietor very naturally, and properly feeling an interest in his work, happens to go about his premises and men for the purpose of observing its progress, and looks on, and whilst he happens to be thus present, the

Harms v. Sullivan.

superintendent gives orders about the work as to the manner in which it shall be conducted, is it to be said that these orders emanate from him with all the responsibility which perchance may attach to him, unless he immediately interferes and protests against them? We think most certainly not; and still that is the fair import of the instruction. Although the appellant be ignorant of the trade or business of setting stone, and of any and all antecedent orders given by the superintendent, if this instruction is the law, he must be ignorant of both at his peril, if he happens to go about where his work is being performed.

The court also gave the following instruction, at the instance of the appellee :

" 6th. If the jury find, from the evidence, that the defendant was guilty of gross negligence, the plaintiff will be entitled to recover, even though he may have been guilty of a comparatively slight degree of negligence."

This instruction, it will be seen, tells the jury, that if they found the appellant was guilty of gross negligence, the appellee would be entitled to recover, whether such negligence contributed to the injury complained of or not; which we think is not the law. The giving of these instructions was error.

The appellant requested the court to give to the jury the following instruction :

" 4th. The jury are instructed that even if they believe from the evidence that the accident in this case resulted from the lewises or pins not being sufficiently large or strong to be safely used in the hoisting and supporting of the stone in question, yet if they further believe from the evidence that the defendant had provided other pairs of pins of sufficient size and strength, which were on hand and could have been used, but that any of the fellow employees of the plaintiff, through negligence or error of judgment, selected and used pins of insufficient size and strength, whereby the injury complained of resulted to the plaintiff, then the defendant is not liable for such negligence or error of judgment, provided the jury further believe from the evidence that such fellow employees were persons of adequate skill, and were careful and prudent persons."

Which the court refused to do. We have examined this

instruction, and are of the opinion that it correctly embraces the law of the case on the question to which it refers, and was pertinent to the issue on trial, and should have been given.

For these errors the judgment of the court below is reversed and the cause remanded.

<div align="right">Judgment reversed.</div>